INDEPENDENCE COUNTY, ARKANSAS
CIRCUIT CLERK GREG WALLIS
FILED FOR RECORD BY
CARMEN DUNCAN D.C.

DATE: AUGUST 25, 2022
TIME: 09:55:27

IN THE CIRCUIT COURT OF INDEPENDENCE COUNTY, ARKANSAS
CIVIL DIVISION

| | |
|---|---|
| JRI PROPERTIES, LLC. | )<br>) |
| Plaintiff, | )<br>) |
| V. | ) Case No. 32CIV-22-255<br>) |
| BOING US HOLDCO, INC. | )<br>) |
| Defendant, | )<br>)<br>) |

## COMPLAINT FOR DAMAGES AND MANDATORY INJUNCTION

COMES JRI Properties, LLC, and for its complaint states:

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Arkansas.

2. Defendant Boing US Holdco, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal state of business in the State of Colorado. Defendant Boing US Holdco, Inc., is authorized to do, and is doing, business in the state of Arkansas. The cause of action asserted herein arises out of the ownership of real property in Independence County, Arkansas and activities of the Defendant in Independence County, Arkansas.

3. This court has jurisdiction of the parties to and the subject matter of this action, and venue is appropriate in this court pursuant to ARK Code Annotated §15-60-101.

4. Plaintiff JRI Properties, LLC, is the owner of an easement described in a document recorded in book 2006, page 1184, of the Independence County Records, a true and correct copy of which is attached here to and incorporated herein by reference as if set out word for word, figure for figure, marked Exhibit "A".

5. Boing US Holdco, Inc., is the owner of real property in Independence County Arkansas described in a general warranty deed recorded in Independence County deed record book 2021, pages 1545-1550, a true and correct copy of which is attached hereto, marked Exhibit "B", and incorporated herein by reference as if set out herein word for word, figure for figure.

6. The easement marked Exhibit "A", was executed and delivered to by Plaintiff Tony Rushing and Allannette Rushing, his wife, grantors. Among other things, the easement provides as follows:

> **Grantor, its grantees, successors, and assigns will not erect or maintain any building or other structures or obstruction on or underneath the electrical power or utility lines for which the easement is granted in the Grant of Easements, except by express written permission from Grantee, and in accordance with the terms of this Grant of Easements. If the written permission is granted, it shall be recorded so as to run with the Easement Property.**
>
> **Grantor, its successors and assigns, shall not erect or permit any**

**buildings or other structures, or plant nor permit any vegetation on the Easement Property which would interfere with the line of sight visibility of Grantee's outdoor advertising signs, as viewed from all directions of any and all adjacent roads and highways. Grantor shall not permit any building, structure or vegetation to interfere with the unobstructed use of the easement areas, and shall not allow any such structures or vegetation to interfere with the effectiveness, operation and use of any antennas or other communication devices installed on the Easement Property.**

7. Defendant Boing US Holdco, Inc., acquired the property described herein by General Warranty Deed attached as Exhibit "B" expressly subject to the easement in favor of Plaintiff, and is a bound by the terms of the easement marked Exhibit "A".

COUNT I- Obstruction to Sight Easement

8. Plaintiff incorporates in this Count I all statements and allegation contained in paragraph 1 through 7 above as if repeated herein verbatim.

9. Defendant Boing US Holdco, Inc., has erected a building which interferes with the line of sight visibility of Plaintiff's outdoor advertising signs as viewed from the adjacent road and highway, namely Harrison Street, also known as Arkansas Highway 69. Plaintiff is in the business of erecting and leasing billboards for outdoor advertising signs and the line of sight obstruction of Plaintiff's billboard has damaged and continues to damage the Plaintiff's ability

3

to lease the obstructed faces of Plaintiff's billboard situated upon Plaintiff's easement.

10. The economic damages resulting from the line of sight visibility obstruction exceeds the sum of $75,000, exclusive of interest and costs, for which Plaintiff is entitled to judgment.

## Count II: Encroachment and Trespass.

11. Plaintiff incorporates all the statements and allegations contained in paragraphs 1-7 as if set out here in verbatim.

12. In the easement marked Exhibit "A", Plaintiff is granted "a perpetual easement for the installation, operation, maintenance, relocation, and removal of outdoor advertising signs, antennas and other communication devices together with any and all incidental and additional equipment, together with the airspace and the subsurface underneath the surface of the easement property…" A plat of Plaintiff's easement is attached hereto, marked Exhibit "C" and incorporated herein by reference.

13. The building erected by the Defendant encroaches on the Plaintiff's easement as shown by an encroachment survey obtained by the Plaintiff. A plat of the encroachment survey which shows the Defendant's building situated on the easement property owned by the Plaintiff is attached hereto and incorporated herein by reference, marked Exhibit "D".

14. The encroachment of Defendant's building on Plaintiff's easement constitutes a

continuing trespass.

15. Plaintiff is entitled to a mandatory injunction requiring the Defendant to remove its building from the Plaintiff's easement in order to remedy the continuing trespass, and for damages caused by such continuing trespass until such encroachment is removed.

WHEREFORE, Plaintiff prays judgment against the Defendant in an amount in excess of $75,000 dollars, exclusive of interest and costs for its line of sight visibility obstruction of Plaintiff's billboard, for a mandatory injunction requiring the removal of Defendant's building, for damages caused by the trespass until such building is removed, and for all other proper relief.

FOR: JRI PROPERTIES, LLC, Plaintiff.

BY: BLAIR & STROUD
Attorneys at Law
P. O. Box 2135
Batesville, AR   72503
(870) 793-8350

_____
Robert D. Stroud                No. 71073

Perkins Law Firm
P.O. Box 4054
Jonesboro, Ark. 72403

2006   1184
Recorded in the Above
Deed Book & Page
02-28-2006 01:07:45 PM
Claudia Nobles Circuit Clerk
Independence County, AR

## Grant of Easements

This indenture is made and entered into on this _22_ day of _February_, 2006, by and between _Tony Rushing + Alannette Rushing, his wife_ (hereinafter "Grantor"), and JRI Properties, L.L.C. (hereinafter "Grantee").

Witness, that for and in consideration of the sum of _Sixteen Thousand + 00/100_ ———— Dollars ($ _16,000.00_ ), and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Grantor, its administrators, successors, and assigns, does hereby grant, bargain, sell, convey, and warrant unto Grantee, its successors and assigns, a perpetual easement for the installation, operation, maintenance, relocation, and removal of outdoor advertising signs, antennas and other communication devices together with any and all incidental and additional equipment, together with the airspace over, and the subsurface underneath the surface of the Easement Property, as defined hereinbelow, all of which shall be equal to that necessary to accomplish and perform this Easement.

Grantor grants to Grantee a perpetual easement for the rights, privileges, and authority to enter upon, dig, lay, install, reconstruct, operate, maintain, patrol, replace, repair and continue certain electrical power and utility lines for the benefit of Grantee's outdoor advertising signs, antennas and other communication devices which are located on the Easement Property.

This Easement, for the benefit Grantee, and its successors and assigns shall cover certain real property situated in _Independence_ County, Arkansas, said property being more fully described in Exhibit "A" attached hereto, (hereinafter the "Easement Property").

Grantee shall further have the right to ingress and egress from adjacent public roads along, over, and upon the Easement Property for the purpose of constructing, operating, repairing, relocating, servicing, and maintaining the outdoor advertising signs, antennas and other communications devices located on the Easement Property, as may be necessary or useful from time to time, and to remove from the Easement Property any encroaching trees, buildings, or other obstructions which would interfere with the line of sight visibility of Grantee's outdoor advertising signs as viewed from all directions of any and all adjacent roads and highways. The specific location of this ingress and egress easement may change from time to time due to construction of building of buildings on the Easement Property, but Grantor, at all times, shall make available to Grantee a suitable easement for the Easement Property which shall provide for adequate ingress and egress for Grantee's purposes of operating and maintaining the outdoor advertising signs, antennas and other communication devices as set forth herein, and if there should be a change in the location of the ingress and egress, the owner of the Easement Property shall give Grantee at least __90__ days prior written notice of the change which such change shall not be made without the prior written consent of Grantee.

Grantee agrees that, in the installation, operation, and maintenance of its outdoor advertising signs and antennas and other communication devices, and in the installation, maintenance, or operation of its electrical power and utility lines, that it will restore the area disturbed by its work to as near the original condition as it practical, and not otherwise in conflict with the purposes set forth in this Grant of Easements.

-1-

**EXHIBIT "A"**

2006  1185
Deed Book & Page

# Exhibit-A

## Rushing Easement

LEGAL DESCRIPTION: SIGN EASEMENT

A part of the Southeast Quarter of Section 15, Township 13 North, Range 6 West, Independence County, Arkansas more particularly described as follows:
From the Northeast corner of the Southeast Quarter of the Southeast Quarter of said Section 15,
run N 86°59'51" W a distance of 259.46 ft. to a point;
then S 03°11'03" W a distance of 136.19 ft. to the POINT OF BEGINNING;
thence continue S 03°11'03" W a distance of 73.92 ft. to a point on the right of way line of Arkansas Highway No. 69 (aka Harrison St.);
thence run S 56°15'29" W along said right of way line a distance of 50.04 ft. to a point; thence leaving said right of way line:
run N 03°11'03" E a distance of 97.67 ft. to a point;
thence N 84°12'56" E a distance of 40.50 ft. to the POINT OF BEGINNING, containing 0.08 acres.

LEGAL DESCRIPTION:

A part of the Southeast Quarter of Section 15, Township 13 North, Range 6 West, Independence County, Arkansas more particularly described as follows:
From the Southeast Quarter of the Southeast Quarter of said Section 15, run N 86°59'51" W a distance of 259.46 ft. to the POINT OF BEGINNING;
thence S 03°11'03" W a distance of 210.11 ft. to a point on the right of way line of Arkansas Highway No. 69 (aka Harrison St.);
thence run S 56°15'29" W along said right of way line a distance of 167.91 ft. to a point;
thence run S 71°50'51" W along said right of way line a distance of 70.07 ft. to a point; thence leaving said right of way line:
run N 03°08'15" E a distance of 331.75 ft. to a point;
thence S 88°10'20" E a distance of 199.82 ft. to the POINT OF BEGINNING, containing 1.28 acres.


CERTIFICATE OF SURVEY:

To all parties interested in Title to these premises:  I hereby certify that I have prior to this day made a survey of the above described property as shown on the Plat of Survey hereon.  The property lines and corner monuments, to the best of my knowledge and ability, are correctly established; the Improvements are as shown on the Plat of Survey.  Encroachments, if any, as disclosed by Survey, are shown hereon.

By_____                01/25/06
George M. Hannah, R.L.S. #1273                 Date

2006 1186
Deed Book & Page

Grantor, its grantees, successors, and assigns will not erect or maintain any building or other structures or obstruction on or underneath the electrical power or utility lines for which the easement is granted in the Grant of Easements, except by express written permission from Grantee, and in accordance with the terms of this Grant of Easements. If the written permission is granted, it shall be recorded so as to run with the Easement Property.

Grantor, its successors and assigns, shall not erect or permit any buildings or other structures, or plant nor permit any vegetation on the Easement Property which would interfere with the line of sight visibility of Grantee's outdoor advertising signs, as viewed from all directions of any and all adjacent roads and highways. Grantor shall not permit any building, structure or vegetation to interfere with the unobstructed use of the easement areas, and shall not allow any such structures or vegetation to interfere with the effectiveness, operation and use of any antennas or other communication devices installed on the Easement Property.

Grantor hereby covenants that it is the owner in fee simple of the Easement Property, that it is lawfully seized thereof, and, that Grantor has the right to grant and convey the perpetual easements herein provided for. Grantee may convey, assign or transfer any or all of its interests in the easements granted herein.

Any and all equipment, structures, improvements or other property placed upon the Easement Property shall remain the property of the Grantee and Grantee shall have the right to enter upon said Easement Property to remove same.

And We, _Tony Rushing_ and _Alannette Rushing_, Grantor, for and in consideration of the said sum of money, do hereby release and relinquish unto the said Grantee, and unto its successors and assigns forever, all our right and possibility of curtesy, dower and homestead in and to the above-described real property.

In Witness Whereof, Grantor and Grantee have entered into this Grant of Easement on the day and year first written above.

GRANTOR:

x _Tony Rushing_

x _Alannette Rushing_

GRANTEE:
JRJ Properties, L.L.C.
P.O. Box 2648
Jonesboro, Ar 72402

By: _____
Randy Wheeler, Manager

-2-

L202101771
INDEPENDENCE CO. AR FEE
PRESENTED & RECORDED
03/24/2021 14:00:25
GREG WALLIS
CIRCUIT CLERK
BY: MELISSA SELLERS
DEPUTY CLERK
BK: DEED 2021
PG: 1545 - 1550

THIS INSTRUMENT PREPARED BY AND
AFTER RECORDING, RETURN TO:

Greg D. Meadows, Esq.
Gentry, Tipton & McLemore, P.C.
Riverview Tower
900 S. Gay Street, Suite 2300
Knoxville, Tennessee 37902
(865) 525-5300

## GENERAL WARRANTY DEED

STATE OF ARKANSAS            )
                             ) KNOW ALL PERSONS BY THESE PRESENTS:
COUNTY OF INDEPENDENCE       )

That **BATESVILLE EXPRESS WASH, LLC**, a Louisiana limited liability company ("Grantor"), for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration paid to Grantor by **BOING US HOLDCO, INC.**, a Delaware corporation ("Grantee"), whose address is 440 S Church Street, Suite 700, Charlotte, North Carolina 28202, Attention: General Counsel, the receipt of which is hereby acknowledged, has GRANTED, SOLD AND CONVEYED, and by these presents does GRANT, SELL AND CONVEY unto Grantee, all of the real property in Independence County, Arkansas, described in **Exhibit "A"** attached hereto and incorporated herein by reference, together with all right, title and interest of Grantor in and to any and all easements, strips and gores, streets, alleys, and rights-of-way bounding such real property and any and all improvements, appurtenances and fixtures located on such land and all other rights, privileges, and appurtenances in any way related to such real property and any and all improvements, appurtenances and fixtures belonging thereto (collectively, the "Property"), subject only to those matters described in **Exhibit "B"** attached hereto and incorporated herein by reference..

Book 2021 Page 1545

**EXHIBIT "B"**

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in anywise belonging, unto Grantee, and Grantee's successors and assigns forever; and Grantor does hereby bind itself, its successors and assigns to WARRANT AND FOREVER DEFEND, all and singular, the Property unto Grantee, and Grantee's successors and assigns, against every person whomsoever lawfully claiming or to claim the Property or any part thereof, by, through or under Grantor, but not otherwise.

EXECUTED to be effective as of _March 16_, 2021.

**GRANTOR:**

**BATESVILLE EXPRESS WASH, LLC,**
a Louisiana limited liability company

By: _____
Printed Name: _Doug White_
Title: _President_

2

## ACKNOWLEDGMENT

STATE OF __Louisiana__ )
)
COUNTY OF __Richland__ )

On this __16th__ day of March, 2021, before me, __Robert E Harris Jr__, a Notary Public, (or before any officer within this State or without the State now qualified under existing law to take acknowledgments), duly commissioned, qualified and acting, within and for said County and State, appeared in person the within named __Doug White__, being the person authorized by said the limited liability company to execute such instrument, stating his respective capacity in that behalf, to me personally well known (or satisfactorily proven to be such person), who stated that he was __President__ of the limited liability company, and was duly authorized in his respective capacity to execute the foregoing instrument for and in the name and behalf of said limited liability company, and further stated and acknowledged that he had so signed, executed, and delivered said foregoing instrument for the consideration, uses, and purposes therein mentioned and set forth.

"IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this __16th__ day of March, 2021.

Notary Public



3

## EXHIBIT A

### LEGAL DESCRIPTION

A Tract of land being a part of the East Half (E 1/2) of the Southeast Quarter (SE 1/4) in Section 15, Township 13 North, Range 6 West in the City of Batesville, Independence County, Arkansas, more particularly described as follows: commencing at the Northwest corner of the SE 1/4 SE 1/4, Section 15; thence South 87 degrees 20 minutes 57 seconds East, 907.0 Feet to the Northeast corner of the Payless Shoesource tract and the point of beginning (POB); Thence continue South 87 degrees 20 minutes 57 seconds East, 200.0 feet; Thence South 04 degrees 04 minutes 40 seconds West, 261.72 feet to the North right of way line of Harrison Street; thence along said North right of way line and along a curve to the right, said curve having a long chord bearing of South 69 degrees 46 minutes 21 seconds West, a long chord distance of 219.33 feet to the Southeast corner of said Payless Shoesource tract; thence North 04 degrees 04 minutes 40 seconds East, 345.89 Feet to the point of beginning. Containing 1.42 acres, more or less.

Less and Except:
Part of the Southeast quarter of the Southeast quarter of Section 15, Township 13 North, Range 6 West, Independence County, Arkansas, more particularly described as follows:

Starting at a 1 inch pipe in concrete being used as the common corner for Sections 14, 15, 22, 23; thence North 01° 34' 26" East along the East line of the Southeast Quarter of the Southeast Quarter of Section 15 a distance of 1,323.33 feet to the point on the Northwesterly right of way line of Arkansas Highway 69 as established by AHTD job 5314; thence in a Southwesterly direction along said right of way line on a curve to the right having a radius of 878.79 feet a distance of 348.79 feet having a chord bearing of South 60° 44' 52" West a distance of 346.51 feet to the point of beginning; thence continue in a Westerly direction along said right of way line on a curve to the right having a radius of 878.79 feet a distance of 218.78 feet having a chord bearing of South 69° 15' 01" West a distance of 218.22 feet to a point; thence North 03° 06' 49" East a distance of 15.85 feet to a point on the Northerly right of way line of Arkansas Highway 69 as established by AHTD job 050095; thence North 71° 42' 39" East along said right of way line a distance of 70.11 feet to point; thence North 56° 19' 25" East along said right of way line a distance of 167.77 feet to a point; thence South 03° 11' 45" West a distance of 53.43 feet to the point of beginning and containing 0.15 acres more or less and shown on plans prepared by the AHTD referenced as job 050095. DJH/djh 02/09/05.

4

## EXHIBIT B

## PERMITTED EXCEPTIONS

1. Taxes for the year 2021 and future years, not yet due and payable.

2. Any prior mineral reservation of conveyance, together with rights, privileges and immunities relating there to and release of damages of minerals of every kind and character, including, but not limited to oil, gas, sand and gravel in or on and under subject property.

3. Right of Way Easement in favor of the Batesville Utilities Commission of Batesville, Arkansas, Independence County, filed 4/7/95 in Book S-15 at page 687 in the records of Independence County, Arkansas, shown on the survey dated November 5, 2020, prepared by Roberson & Moreland Land Surveying, by Carroll Lynn Moreland, PLS #1814.

4. Grant of Easements by and between Tony Rushing & Alannette Rushing, his wife and JRI Properties, L.L.C., filed 2/28/06 in Book 2006 at page 1184 in the records of Independence County, Arkansas, shown on the survey dated November 5, 2020, prepared by Roberson & Moreland Land Surveying, by Carroll Lynn Moreland, PLS #1814.

5. The following matters as shown on the survey dated November 5, 2020, prepared by Roberson & Moreland Land Surveying, by Carroll Lynn Moreland, Jr., PLS #1814: a) location of utility lines (water line and overhead utility line) without the benefit of easement b) portion of asphalt surface encroaching the property to the south





**LEGAL DESCRIPTION:**

**WARRANTY DEED (BOOK 2006, PAGE 1184):**
A PART OF THE SOUTHEAST QUARTER OF SECTION 15, TOWNSHIP 13 NORTH, RANGE 6 WEST, INDEPENDENCE COUNTY, ARKANSAS MORE PARTICULARLY DESCRIBED AS FOLLOWS: FROM THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION 15, RUN N86°59'51"W A DISTANCE OF 259.46 FT. TO A POINT; THEN S03°11'03"W A DISTANCE OF 136.19 FT. TO THE POINT OF BEGINNING; THENCE CONTINUE S03°11'03"W A DISTANCE OF 73.92 FT. TO A POINT ON THE RIGHT OF WAY LINE OF ARKANSAS HIGHWAY NO. 69 (AKA HARRISON ST.); THENCE RUN S56°15'29"W ALONG SAID RIGHT OF WAY LINE A DISTANCE OF 50.04 FT. TO A POINT; THENCE LEAVING SAID RIGHT OF WAY LINE, RUN N03°11'03"E A DISTANCE OF 97.67 FT. TO A POINT; THENCE N84°12'56"E A DISTANCE OF 40.50 FT. TO THE POINT OF BEGINNING, CONTAINING 0.08 ACRES.

**Horizon LAND SURVEYING, LLC**
2918 WOOD STREET
JONESBORO, AR 72404
PH: 1-870-243-0092
WWW.HORIZONLANDSURVEYING.COM

**ENCROACHMENT SURVEY**

| DRAWING INFO | | REVISIONS | | |
|---|---|---|---|---|
| DATE: | 04/27/2022 | DATE | BY | DESCRIPTION |
| DRAWN BY: | DRB | | | |

HORIZON LAND SURVEYING, LLC
No. 3472
CERTIFICATE OF AUTHORIZATION – ARKANSAS

STATE OF ARKANSAS
P.S. 1590
DANNY R. BURNS
REGISTERED PROFESSIONAL SURVEYOR

**EXHIBIT "D"**







**First Class Mail**

BLAIR & STROUD
ATTORNEYS AT LAW
500 EAST MAIN · SUITE 201
P. O. BOX 2135
BATESVILLE, ARKANSAS 72503




7017 1070 0000 1354 7795

Boing Us Holdco, Inc.
c/o Corporation Service Company
300 Spring Building, Suite 900
300 S. Spring Street
Little Rock, AR 72201







